**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony HENRY, a.k.a. Chris Gadlin,
a.k.a. Rickie Grant, a.k.a. Hippo,
Defendant–Appellant.**

No. 13–50112.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2014.*

Jan. 24, 2014.

Lisa Eve Feldman, Assistant U.S., Curtis A. Kin, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Carlton Gunn, Esquire, Kaye McLane Bednarski & Litt, LLP, Pasadena, CA, for Defendant–Appellant.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM **

Anthony Henry appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has authority to modify a sentence under section 3582, *see United States v. Wesson*, 583 F.3d 728, 730 (9th Cir.2009), and we affirm.

Henry contends that he is eligible for a sentence reduction under Amendment 750, which amended the drug quantity table in U.S.S.G. § 2D1.1 *for offenses involving crack cocaine.* However, Henry was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Therefore, his sentence was not based on a Guidelines range that has been lowered, and the district court lacked authority to modify his sentence. *See* 18 U.S.C. § 3582(c)(2); *Wesson*, 583 F.3d at 731–32.

Because Henry cannot satisfy the first prong of section 3582(c)(2), we need not consider his remaining claims, including his ex post facto challenge to U.S.S.G. § 1B1.10 and his eligibility for a sentence modification under the second prong of section 3582(c)(2).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.